JAMES BARTOW, DEFENDANT IN ERROR, v. ERIE RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued June 13, 1905—Decided November 13, 1905.

Loss of profits in business are recoverable as damages in actions of tort, when they are capable of being estimated with reasonable certainty. But where the proof furnishes no data from which the jury may find with reasonable certainty the amount of the profits recoverable as damages as the result of the accident, it is error for the court to submit this element of damages to the jury.

---

On error to the Supreme Court.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT and REED.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *Peter J. McGinnis.*

The opinion of the court was delivered by

FORT, J.    There are a number of grounds for reversal assigned in this case, but a careful examination of them leads us to conclude that there is but a single one that has substance.

It is clear, under the proof, that the plaintiff could not have been nonsuited, nor a verdict directed for the defendant, upon the testimony.

There were no reversible errors in the rulings of the court upon the admissions of testimony excepted to, nor in the charge of the court, except in one respect, with relation to the allowance of damages for loss of profits in the business of the plaintiff.    Exception is taken to the refusal of the court to charge the defendant's second request.    That was as follows:  "As there is no definite proof of the amount of the loss of profits sustained by the plaintiff in his business, no damages can be allowed for his loss of profits."

And exception was also taken to what the court did say upon the question of the right of recovery by the plaintiff for loss of profits, and the leaving to the jury of the question whether, under the evidence, the plaintiff was making any profits from his business.

We think the second request should have been charged in this case in lieu of what the court did charge.    There was no proof in the cause which would justify the jury in assessing any damages to the plaintiff for loss of profits.    The only testimony given on the subject was that of the plaintiff himself, and that amounted to nothing more than a mere statement that he took in, in his business, from $1,000 to $1,100 per annum.    This was proof only of the gross amount of his business.    His books were not produced, nor was there given by him any estimate of the expenses incident to the conducting of his business, or of the proportion of the expenses to the gross income.

To justify a finding of loss of profits as a part of the verdict in a cause, the proof must be such as will show the jury, with reasonable certainty, what the profits alleged to have been lost would have been but for the injury to the plaintiff.

Profits must be proved; they cannot be estimated by the jury without data to justify their finding. *East Jersey Water Co.* v. *Bigelow*, 31 *Vroom* 201.

There being no proof of loss of profits in the business of the plaintiff which the jury could, under the proof, arrive at with reasonable certainty, it was error for the trial judge to submit the question of this class of damages to the jury, and he should have charged as requested.

For this error, and this alone, the judgment is reversed.