JOHN G. MASON, DEFENDANT IN ERROR, v. ERIE RAIL-
ROAD COMPANY, PLAINTIFF IN ERROR.

Argued June 27, 1907—Decided November 18, 1907.

1. In an action against a railroad company brought by a passenger
   to recover damages for injuries received while alighting from a
   train at one of the defendant's stations the jury was instructed,
   "It undoubtedly is the duty, under the law, of this defendant, as
   well as all railroads, to provide a reasonably safe place for its
   passengers to alight from its train; there is no question about
   that.  *  *  *  It must provide a reasonably safe place for its
   passengers to alight from its train." *Held*, that this instruction
   was erroneous in that it did not submit to the jury the question
   of the defendant's negligence which was the gravamen of the
   plaintiff's action.
2. The loss of the profits of a business cannot be awarded to a
   plaintiff as an element of damages resulting from his personal
   injury in a case in which there was no testimony from which the
   jury could legitimately infer that the business of the plaintiff was
   conducted at a profit.

On error to the Supreme Court.

The defendant in error recovered a verdict for personal
injuries sustained by him near the station known as "River
Street," in the city of Paterson, at about six o'clock in the
evening of January 16th, 1906. He had been a passenger on
the train of the defendant from Jersey City to River street.
The station building at River street is on the right-hand or
easterly side of the northbound track. River street crosses
the railroad tracks at an angle, the station building being
located to the north of the street and to the east of the tracks,
a short distance from the crossing. The station platform
extends in a southerly direction as far as the crossing, the
platform being on the same level as the street and the cross-
ing planked, so that passengers can alight not only on the
station platform proper, but also directly on the street. The
distance from the north end of the station platform to the
south side of River street is four hundred and twenty feet,

the length of the station platform being about two hundred and twenty feet. The train on which plaintiff was riding had eight passenger cars, and when it stopped at River street station the engine was opposite the north end of the platform and plaintiff was in the second car from the last. When the train was approaching the station the brakeman walked forward through the car and called out "River Street." Thereupon plaintiff walked to the rear platform of the car in which he was riding, stepped down on the east or station side, and then started to walk across a little ditch alongside the track, and tripped over something, and on looking back saw that there was a pile of rails lying in the ditch at the place where he had fallen. For injuries received by this fall the plaintiff sued for damages in the present action. At the trial the court charged the jury: "It is undoubtedly the duty, under the law, of this defendant, as well as all railroads, to provide a reasonably safe place for its passengers to alight from its train. There is no question about that. * * * It must provide a reasonably safe place for its passengers to alight from its train." The trial court also charged as follows: "There has been a claim made here for damages for loss of business profits, but the evidence is meagre as to that. There has been evidence as to what the receipts of the partnership of which he was a member had been, and of how much they lessened after this accident, but that does not establish the profit or the loss. Some businesses are conducted at a profit and others at a loss. There is no presumption of law that a business is profitable. Common experience tells us that it depends on circumstances. If you allow him anything for damages by way of losses of profits you ought to be satisfied from the evidence that there is something to go by, but I confess I cannot see anything myself. You are not here to guess * * * The plaintiff claims there was a loss of profits, and the burden of proof is upon him to prove what that loss of profit was." When the court was asked to allow an exception to this part of the charge, the following colloquy between counsel took place:

"Mr. Gourley (counsel for the plaintiff)—That, I understand distinctly, was not charged.

"Mr. Collins (counsel for the defendant)—The court did not refuse to allow the jury to find any damages for that. Our point is that the court should have charged distinctly that they must not."

After this colloquy an exception was allowed by the court and duly sealed. An exception was also duly sealed to the matter previously charged respecting the duty of the defendant. Upon each of these exceptions error has been assigned.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *William B. Gourley.*

The opinion of the court was delivered by

GARRISON, J. The instruction exhibited by the first of the foregoing exceptions was erroneous in that it incorrectly stated that the duty of the plaintiff in error was to provide a reasonably safe place for its passengers to alight from its trains, whereby the jury was permitted to determine whether reasonable care had been exercised by the plaintiff in error not from the qualities of its conduct in that respect, but solely by the jury's opinion as to the results of that conduct. The duty of the railroad company was, it is perhaps needless to say, merely to exercise reasonable care to provide a safe place for its passengers to alight. *Dotson* v. *Erie Railroad Co.,* 39 *Vroom* 679.

"This distinction is fundamental," as was said in the opinion of this court in *Foley* v. *Brunswick Traction Co.,* 37 *Vroom* 637, "since it marks the difference between a carrier's liability for negligence and its guaranty of safe carriage. The former inheres in the implied duty owed by the defendant to the plaintiff. The latter does not so arise, and was not within the undertaking of the defendant." In the same opinion this further language is used touching an instruction that is not distinguishable in principle from the one now before us: "This instruction was, we think, erroneous. Its

error lay in this, viz., that it gauged the liability of the defendant not by the quality of its conduct, but by the results of that conduct, thereby covering indiscriminately injuries resulting to the plaintiff from causes preventable by the exercise of due care on the part of the defendant, and injuries that might have happened notwithstanding the exercise by the defendant of the degree of care legally imposed upon it as a carrier of passengers. * * * The gravamen of the plaintiff's action was the failure of defendant to use reasonable care for her safety as a passenger, hence the correct instruction would have been that the defendant was liable for the plaintiff's injuries if it failed to take reasonable precautions to see that the place provided by it for her discharge was a safe one for that purpose. * * * It was the defendant's right to have that question submitted to the jury. The question that was submitted to the jury did not give the defendant its right in this respect, for while the occurrence of the accident demonstrated the unsafe character of the place at which the plaintiff was invited to alight, it could not lawfully be permitted to establish also the negligence of the defendant, which upon this writ of error was the effect given to it by the verdict." Upon the authority, therefore, of the case cited, and of the reasoning on which it rests, the charge in the respect indicated was reversible error.

The other exception also exhibited legal error in the charge. Upon the court's own summary of the state of the testimony as to the plaintiff's business before and after his accident, namely, that it failed to show that at either period the business had been conducted at a profit, the jury should have been instructed to allow the plaintiff no damages by way of the profits of such business. That "profits, to be included in the plaintiff's measure of damages, must be proved, and cannot be estimated by the jury without data to justify their finding," was recently held in the Supreme Court, in *Bartow* v. *Erie Railroad Co.*, 44 *Vroom* 12, citing *East Jersey Water Co.* v. *Bigelow*, 31 *Id.* 201, decided in this court. The authorities cited in the last-mentioned case fully sustain the position that damages that do not rest upon proof cannot be awarded by a

jury, if any authority for so self-evident a proposition be needed.

The attention of the trial court at the close of the charge was specifically called to the precise point of the exception that was then prayed to this feature of the charge, but aside from this, the charge itself, being erroneous, was the proper subject of a direct exception upon which error could be assigned.

The judgment of the Circuit Court is reversed.

*For affirmance*—None.

*For reversal*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VROOM, GREEN, GRAY, DILL, J.J. 13.