CHARLES S. LOUON v. PUBLIC SERVICE COMPANY.

Submitted March 18, 1910—Decided June 15, 1910.

A verdict based upon a loss of probable profits, which might have accrued to plaintiff in his business as an insurance agent, cannot be sustained by proof only of premiums received upon insurance effected by him during a preceding period, and without any proof from which the jury might legally infer how much of such premium represented the plaintiff's profit.

On appeal from the District Court of Jersey City.

Before Justices TRENCHARD and MINTURN.

For the plaintiff, *James A. Hamill.*

For the defendant, *Edwards & Smith.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff, an insurance agent, brought suit in the Jersey City District Court to recover damages for compensation for injuries sustained by him while attempting to board a street car of the defendant company, and the jury found in his favor.

The appeal is based upon the refusal of the trial court to charge at defendant's request, "that you cannot give plaintiff any remuneration for the loss of profits on his business during the time he was laid up from these injuries, as there is no ground upon which to make any calculation of any loss of profits."

The pertinency and legality of this request depend upon the correctness of the statement of fact embraced in it. An examination of the testimony leads us to the conclusion that this request should have been charged, because nowhere in the record do we find any testimony of the plaintiff, or of any other witness, upon which the jury could reasonably or legitimately make an estimate of the plaintiff's profits in his busi-

ness during any period anterior to the trial. It is true the plaintiff speaks of the "premiums" he derived from insurance formerly effected by him; but neither in common parlance nor in the vernacular of the plaintiff's business is that word applied to an agent's profits from the business. It is confined entirely to the payment due to the company for its services as underwriter. 31 *Cyc.* 1164. This testimony was therefore clearly unsatisfactory and incompetent as legal evidence for submission to the jury as a basis for estimating the plaintiff's probable loss of business, without further proof from which the plaintiff's proportion of the sum thus received as premium could be legitimately inferred as his distinctive profit or earning. *Greenl. Evid.* 4; *Bartow* v. *Erie Railroad,* 44 *Vroom* 12; *Settlemeyer* v. *Public Service, Per Curiam.*

We are unable from a review of the testimony to say to what extent this testimony may have influenced the jury in determining the *quantum* of damages embraced in their verdict; but that it must have had some weight in that direction we cannot doubt.

The judgment will be reversed.