ETHELREDA BROWN, BY HER FATHER AND NEXT FRIEND, JAMES F. BROWN, AND JAMES F. BROWN IN HIS OWN RIGHT, APPELLANTS, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Argued March 8, 1923—Decided June 18, 1923.

1. The provision in Supreme Court rule 129 that the granting of a rule to show cause why a new trial should not be had, shall be a bar against the taking or procuring of an appeal except on points expressly reserved in the rule, does not mean that the exceptions taken and to be reserved need be specifically set out; the reservation of exceptions in general terms is sufficiently *express* within the meaning of the rule.
2. When a trial court grants a rule to show cause, reserving exceptions, such reservation cannot be limited to the pendency of the rule.
3. When a rule to show cause why a new trial should not be had contains this language: "Pending the hearing on this rule execution be stayed and that all exceptions taken in this cause be reserved," the reservation by the terms of the rule is dissociated from the stay of execution, and is untrammeled by its limitation. It is to be interpreted as though the rule read: "Pending the hearing of this rule execution to be stayed, and that all exceptions taken in this cause be reserved."
4. Punctuation, or lack of it, cannot control construction when the meaning is plain.
5. Where two distinct propositions are charged, one correct and the other erroneous, the jury cannot decide which is right, and there is consequently reversible error in the record.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The plaintiff was a passenger. In alighting from a street car she was injured by reason of a depressed Belgian block in the pavement. The court allowed a rule to show cause reserving all exceptions pending the hearing of the rule. On the hearing it was ordered that the rule be made absolute unless the plaintiff consent to a reduction of the verdict. The plaintiff did consent, but no further rule seems to have been entered and the defendant took an appeal under the exceptions reserved. It is now urged that these exceptions are not sufficient because the points were not expressly reserved in the rule. The reservation seems to be in the usual form and we see no reason to think that there is any indefiniteness about reserving *all* the exceptions. Nor is there any force in the suggestion that the reservation lasted only pending the hearing of the rule. If it were so, the rule is still pending, as it was made absolute upon a condition that the plaintiff should consent to a reduction of the verdict and the plaintiff has consented. This deprives the defendant of the right to a new trial, which would otherwise be involved in making the rule absolute, but the assent of the plaintiff to the reduction does not amount to a discharge of the rule, and no such order has been made. Nor is there any greater force in the argument that the suit was brought in the Common Pleas. If the rule of the Supreme Court is improperly taken the plaintiff should move to dismiss the rule; but there is no reason why, if the rule is properly taken to the Supreme Court, the defendant should not avail itself of all the exceptions which have been reserved. As to the meritorious features of the case only two exceptions are argued.

"The action is brought as the complaint avers to recover damages for the carelessness and negligence of the defendant's servants and agents, operating and in control of a street car, in that they stopped the car, opened the door and invited passengers to alight at an unsafe place, where a hole or opening existed, formed by a switch and defendant's rails laid in the street, and in that defendant's servants and agents failed to exercise care to hold the car at places where passengers may safely alight; and failed and neglected to warn the

plaintiff of the dangerous hole or opening when she was alighting. Clearly the plaintiff counted as the complaint avers on negligence of the defendant.

"The judge charged, 'I think the question in this case for the jury to determine is as to whether when she alighted from this car there was a depressed Belgian block.' 'The whole question in this case as I see it is the question of fact, as to whether there was this hole in the pavement and if there was this hole in the pavement the question for the jury is then whether the defendant company provided a reasonably safe place for this young lady, the passenger of the defendant company, to alight.' He also charged, 'you are to confine your deliberations entirely to what happened to her on the day in question, as to whether the condition of her foot was brought about by any hole in the paving and that it was an unsafe place for her to alight or a reasonably unsafe place.'

"The expression 'reasonably unsafe place' is probably a misprint, but, laying that aside, the judge failed to charge that the jury were to find whether there was negligence on the part of the company. His charge permitted a judgment for the plaintiff in case the jury found the physical situation to be as he stated; but this was not the legal question. The legal question was, granting the existence of the physical situation, did it show on the part of the defendant company or its employes negligence in permitting a depressed Belgian block or an imperfection in the paving at that point. The situation may be so recent that the company has had no chance to repair it. It may be such as 'to be beyond the company's control and in the control of the city.' Various other situations may be thought of, where the physical situation might be just as it is in this case, and negligence be negative. At any rate the defendant has the right to have the question of negligence or no negligence submitted to the jury and this the judge failed to do. The case is governed by *Foley* v. *Brunswick Traction Co.,* 66 *N. J. L.* 637; *Mason* v. *Erie Railroad Co.,* 75 *Id.* 521.

"We note an inadvertence in entering the judgment which is a single judgment for both plaintiffs in the full amount

claimed by both without distinguishing between the amount awarded by the jury to Ethelreda Brown and the amount awarded to her father, James F. Brown. It is not important since the judgment must be reversed for the errors already stated."

For the appellants, *Albert S. Woodruff*.

For the respondent, *Leonard J. Tynan*.

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was a suit for damages in the Camden Common Pleas for injuries sustained by Miss Brown, and the plaintiffs had a verdict upon which judgment was entered. Application was made within time for a rule to show cause, and it was ordered that plaintiffs show cause why the verdict should not be set aside and a new trial granted, and that pending the hearing of the rule execution be stayed and all exceptions taken in the cause be reserved. Hearing was had before the trial judge and it was afterward ordered that the rule to show cause be made absolute unless the respective plaintiffs should enter rules consenting to a certain reduction of the verdict, &c., and it was ordered that the rule should be made absolute as to the plaintiff who failed to accept such reduction, and be discharged as to the plaintiff who accepted it. Both plaintiffs accepted the reduction and the judgment was reduced. Thereafter defendant appealed to the Supreme Court, filing grounds of appeal, but not an appeal in form, which grounds have been treated as a notice of appeal *and* grounds, which may be combined. See Supreme Court rule 139.

In the Supreme Court plaintiffs-respondents made the point that the exceptions were not sufficient because they were not *expressly* reserved in the rule to show cause. Supreme Court rule 129 provides that such a rule to show cause shall be a bar against taking or prosecuting an appeal on points expressly reserved in the rule. The language in the case at bar was that *all* exceptions be reserved. The word *expressly* was

not used, nor were the exceptions taken specifically stated.
The Supreme Court on this point observed in its opinion
that the reservation seems to be in the usual form and that
it saw no indefiniteness in reserving all exceptions. This is
correct. The cases refer to *reserving* exceptions, *not* expressly
reserving them. See *Ashurst* v. *Atlantic, &c., Co.*, 66 *N. J.
L.* 16; *Holler* v. *Ross*, 67 *Id.* 60. Express means to represent
in words; to state; utter, to give or convey a true impression
of; to show; signify; exhibit. *Web. New Int. Dic.* 774. It
does not require minute particularization. The rule of the
Supreme Court requiring that exceptions in a cause, where
a rule to show cause is granted, shall be expressly reserved,
means only that they shall be reserved in terms or else shall
be considered waived and abandoned and shall be barred, and
that such reservation shall not be inferred.

The Supreme Court also observed that there is no force in
the suggestion that the reservation lasted only pending the
hearing of the rule; that if that were so the rule is still
pending as it was made absolute upon condition that the
plaintiffs should consent to a reduction, and they have con-
sented. This is a verbal error. The court undoubtedly meant
that the rule was made absolute if the plaintiffs should *not*
consent to a reduction. The next sentence in the opinion
shows this. The Supreme Court then proceeds to say that
this (the reduction) does not amount to a discharge of the
rule and no such order was made. It is true no order dis-
charging the rule was entered, but the rule cannot be said
to be pending in any sense after the trial court has heard
argument upon and decided it, and the terms of the decision
are carried into effect, as here, by filing formal consent to,
accept the reduction and the actual reduction of the judg-
ment is made by writing of record. Besides, if the rule were
still pending disposition of it would yet have to be made;
not in this court, because this court has no power over it,
but in the trial court that granted it; and, were the rule
pending there the cause could not be brought here on appeal.
Exceptions reserved are not argued in the appellate court
pending decision on a rule to show cause in a trial court,

because, for one reason at least, the court below might grant a new trial and the same legal errors alleged in the bill of exceptions might not be committed on the new trial. So we think that it is because the rule to show cause was potentially, though not formally, discharged, that this case is properly here on appeal on exceptions reserved.

There is nothing in the contention that if the rule were discharged in the court below the exceptions fell as they were reserved only pending hearing on the rule. In the first place the trial court has no power to deprive the defeated party of his exceptions to its ruling. That court may refuse a rule to show cause, or may grant it without reserving exceptions, but may not reserve the exceptions only so long as the rule is pending, and then upon discharging the rule preclude the party from appealing on the law. Besides, what purpose could such a reservation serve? If the rule were made absolute and a new trial ordered the party holding the rule would not need the exceptions, and if the trial court could thus abrogate them, why not do it at once and not reserve them until they should automatically expire upon the discharge of the rule. When a trial court grants a rule to show cause, reserving exceptions, such reservation cannot be limited to the pendency of the rule.

Plaintiffs argue that the effect of the limited reservation was that if defendant had abandoned the rule it might have appealed, but that after argument on the rule the exceptions were gone. There is nothing in this, as defendant had the right at any time to abandon the rule and prosecute an appeal. This is common practice. The trial court cannot control or limit this right. But we do not read the rule as reserving the exceptions pending the rule only. The language is, "pending the hearing of this rule execution be stayed and that all exceptions taken in this cause be reserved." Here are two distinct clauses relating to two distinct matters, (1) providing for the stay of execution pending appeal, and (2) reserving exceptions. There might appropriately have been a comma, or, better still, a semi-colon, between them, or even a colon or a period, but that was un-

necessary.  Punctuation, or lack of it, cannot control construction when the meaning is plain.  See 36 *Cyc.* 117; *Den* v. *Van Riper,* 16 *N. J. L.* 7, 14.

In our opinion the reservation of exceptions by the terms of the rule is dissociated from the stay of execution and is untrammeled by its limitation.

Rule 129 applies to cases pending in the Circuit Courts and Courts of Common Pleas, as well as in the Supreme Court, so it is a matter of indifference that this case was brought in the Common Pleas Court instead of in the Supreme Court as one of original jurisdiction, so far as the operation of rule 129 is concerned.

The Supreme Court further observed in its opinion to the effect that there is no force in the argument that the suit was brought in the Common Pleas; and then proceeds to say that if the *rule* of the Supreme Court is improperly taken the plaintiff should move to dismiss it, but there is no reason, if the *rule* is properly taken to the Supreme Court, why the defendant should not avail itself of all the exceptions which have been reserved.  Here again is a verbal inaccuracy.  The word "rule" here used is obviously meant to be "appeal." There is no *rule* taken to the Supreme Court, but an *appeal* was.  And if it were improperly taken a motion to dismiss it lay.  It was properly taken and any such motion, if made, must necessarily have been overruled.

On the meritorious question involved the Supreme Court was right.  The judge charged that the whole question was one of fact as to whether there was a hole in the pavement, and if there was the question for the jury was whether the defendant company provided a reasonably safe place for the passenger to alight; also that the jury were to confine their deliberations entirely as to whether the condition of plaintiff's foot was brought about by any hole in the pavement and whether it was an unsafe place for her to alight, or a reasonably unsafe place.  "Unsafe," as the Supreme Court says, where used in the clause "reasonably unsafe place," is probably a misprint.  It is undoubtedly a misprint and it should be so treated.  It should be read "safe," instead of "unsafe."

The suit was one that counted on the negligence of the defendant. And plaintiff argues that defendant now seeks to extract isolated phrases from the charge when the whole charge should be considered. It is true·that the judge elsewhere in his deliverance said that there could be no recovery simply because there was an accident; that there would have to be some negligence on the part of the company before there could be a recovery. That observation, however, was not made by way of correcting the erroneous statement above mentioned, which was to the effect that *the whole question was as to the existence of the hole and whether the company provided a reasonably safe place for passengers to alight and whether the condition of the plaintiff's foot was brought about by the hole in the pavement.* The case falls within the rule that where two distinct propositions are charged, one correct and the other erroneous, the jury cannot decide which is right, and there is, consequently, reversible error in the record. See *Collins* v. *Central Railroad Co. of N. J.,* 90 *N. J. L.* 593.

The Supreme Court notices an inadvertence in entering the judgment in that the respective amounts awarded the plaintiffs are merged into a single sum, but says it is unimportant, as the judgement is to be reversed. This is true, but if the judgment were affirmed plaintiff could apply to amend it.

The briefs on both sides rather singularly conclude with the assertion that the appeal to this court should be dismissed —the plaintiffs' because the appeal is *improper and without merit,* and the defendant's that the appeal be *dismissed and the judgment under review affirmed.* Appeals are· not dismissed unless some specific ground therefor exists, and when an appeal is dismissed the judgment is neither affirmed nor reversed. Affirmance or reversal can be rested only on a valid and subsisting appeal.

The appeal in this case was properly taken from the Supreme Court, and the judgment brought up by it, which reverses the Common Pleas, should, for the reasons above stated, be affirmed.

Let the record be remitted to the Supreme Court to the end that it may be there remitted to the Common Pleas with an award of a *venire de novo.*

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 8.

*For reversal*—KALISCH, BLACK, JJ. 2.