ELSIE MALZER AND HAROLD MALZER, RESPONDENTS, v. KOLL TRANSPORTATION COMPANY, APPELLANT.

Submitted May 29, 1931—Decided October 19, 1931.

For the appellant, *Harley, Cox & Walburg*.

For the respondents, *Mark Townsend* and *Thomas F. Doyle*.

The opinion of the court was delivered by

CAMPBELL, J. Elsie Malzer, a passenger for hire, in the public conveyance of the defendant below, signified her desire to alight at Bergen and Woodlawn avenues, in Jersey City, and in compliance with her request the driver of the bus brought it to a stop, at a point in the highway so that the exit door was some feet from the curb and where there was a depression or slant in the surface of the roadway, toward a sewer basin. The lower step of the bus was so constructed as to be eleven inches above a level street pavement, but under the conditions existing at the place of stopping, before referred to, the distance between such step and the pavement was something greater than eleven inches.

In alighting from the bus, the plaintiff found herself unable to reach the pavement with her foot, as she attempted to descend from the lower step, and was obliged to release her hold upon the handiron, and in doing so fell and was injured. She and her husband brought suit against the appellant and such action resulted in judgments in favor of both plaintiffs, from which the defendant below appeals.

It is urged that the judgments should be reversed because error was committed by the trial court in refusing to nonsuit and to direct a verdict in favor of appellant.

It is said that these motions should have been granted because the appellant and its servant were guilty of no negligence which was the proximate cause of the happening, and that the plaintiff, Elsie Malzer, herself, was guilty of negligence which was the proximate cause.

The right of recovery was based and the cause was tried upon the principle that the operator of the public conveyance was under a legal duty to exercise reasonable care to see that the place selected for the passenger's discharge was one safe for that purpose. This was correct.

Appellant relies upon *McCombe* v. *Public Service Railway Co.*, 95 *N. J. L.* 187, as authority for the legal proposition that the mere happening of an accident raises no presumption of negligence. This, of course, is so, but a mere statement of the facts of the present case makes it plain that conditions and circumstances existed from which negligence could be drawn. Appellant also relies upon *Traphagen* v. *Erie Railroad Co.*, 73 *Id.* 759, to support its contention that the steps of the bus being of standard construction and design negligence could not be imputed as against it because of the happening in question. But this is not so. The true legal rule is laid down in *Pabst* v. *Public Service Railway Co.*, 104 *Id.* 537, which is the rule upon which the present cause was tried and submitted to the jury.

The facts and circumstances shown by the proofs also made the question of the alleged negligence of the plaintiff-passenger one for determination by the jury.

There was no error in refusing to nonsuit or direct a verdict and, therefore, the judgments under review are affirmed, with costs to be taxed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 14.

*For reversal*—None.