## GIELOW v. WARNER BROS. PICTURES, Inc., et al.

District Court, S. D. New York.

Nov. 7, 1938.

A. I. Siegel, of New York City (Norman H. Samuelson, of New York City, of counsel), for complainant.

Thomas & Friedman, of New York City, for defendants.

CONGER, District Judge.

This is a motion on the part of the defendants to compel the complainant to produce for their inspection the original documents or papers upon which the complainant's alleged story, "Give me this Night, or Flirtation Walk", and complainant's alleged musical compositions entitled "I can't Believe" and "Mr. and Mrs. is the Name" were written; also for a sworn statement to the effect that the documents produced are the original documents or papers upon which said original papers were written.

This motion comes squarely within the provisions of Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides, among other things, as follows: "Upon motion of any party showing good cause therefor * * * the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, * * * or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; * * *."

It would appear from the papers submitted that the documents sought to be produced for inspection herein are not privileged. They certainly are "evidence material to any matter involved in the action".

Rule 34 provides for a discovery of documents and tangible things. This rule was adopted with a view to simplifying the issues. "To keep in step with the purpose and spirit underlying the adoption of these rules it is better that liberality rather than restriction of interpretation be the guiding principle." Nichols v. San-

426

born Co., D.C.D.Mass., 24 F.Supp. 908, 911, Ford, D.J., Sept. 30, 1938.

█ It has been contended herein that the defendant should not have this relief because the defendant, sometime prior hereto, made application under Equity Rule 58, 28 U.S.C.A. following section 723, for a similar relief, which was denied, the contention being that that is the law of the case. However, at the time of that application Rule 34 was not in existence. The application was properly denied at the time when made, under said Rule 58.

Rule 58 had a restricted scope of discovery, whereas Rule 34 is broader and embraces the exact situation met here; there being nothing to indicate that the relief asked for is vexatious or oppressive.

█ The relief asked for herein is granted to the extent that the complainant is ordered to exhibit the documents and papers asked for, but at the office of the complainant; not to be removed therefrom. The defendant to have a reasonable time to inspect the papers and documents, which time shall be fixed in the order. Complainant to have the right, if he desires, to file an affidavit stating just what papers and documents he has, and whether or not they are the only papers he has for production and inspection. Settle order on notice.