**QUEMOS THEATRE CO., Inc., v. WARNER BROS. PICTURES, Inc., et al.**

**Civil No. L–6129.**

District Court, D. New Jersey.

Dec. 7, 1940.

Chester K. Ligham, of Newark, N. J. (Irving D. Lipkowitz, of New York City, of counsel), for plaintiff.

Arthur T. Vanderbilt, by G. Dixon Speakman, both of Newark, N. J., for defendants.

Joseph Steiner, of Newark, N. J., for defendant Skouras Theatres Corporation.

WALKER, District Judge.

The plaintiff, under and by virtue of Rule 34 (Rules of Civil Procedure for the District Courts of the United States, 28 U.S. C.A. following section 723c), seeks an order directing the defendants to produce for inspection and allow it to inspect and copy certain documents, records and correspondence, more particularly identified in what has been referred to as Parts I, II, and III of the Notice filed on May 29, 1940.

■ Rule 34 is limited to parties (C. F. Simonin's Sons, Inc., v. American Can Co., D.C., 26 F.Supp. 420), and provides the only method of obtaining discovery of documents or tangible things in the possession, custody or control of another party without taking his deposition. Moore's Federal Practice, Vol. 2, page 2628.

■ The documents, records and correspondence sought to be inspected should constitute or contain evidence material to any matter involved in the action, but it is sufficient if the parties seeking inspection establish it is reasonably probable same constitute or contain material evidence. Beler et al. v. Savarona Ship Corporation et al., D.C., 26 Fed.Supp. 599.

■ It is true the documents, records and correspondence, which plaintiff seeks to inspect are identified in its moving papers in a general manner and all may not be material. However, in determining whether or not inspection should be granted and copying allowed, it must be borne in mind that the plaintiff is one seeking to establish a conspiracy in restraint of trade, conspiracy to monopolize, a monopoly and resulting damage (15 U.S.C.A. Section 1 et seq.) the very nature of which contemplates extensive circumstantial evidence, that the spirit of the rules requires discovery before trial whenever possible and liberal construction (Gielow v. Warner Bros. Pictures, Inc., et al., D.C., 26 F.Supp. 425); that, Section 7, the three-fold damage clause of the Sherman Act, was designed to supply an ancillary force of private investigators to supplement the Department of Justice in law enforcement (49 Yale Law Journal 296); that, "Concerted effort to exclude outsiders from the market is regarded by its very nature as an undue or unreasonable restraint of trade—an illegal destruction of the free operation of competitive forces" (XL, Columbia Law Review, 737); that since materiality is not as easily determined before trial as at the trial, the standard thereof, for purposes of inspection before trial, will be considerably broader than at the trial. Moore's Federal Practice, Vol. 2, page 2639.

■ Some consideration to the foregoing requires the liberal construction necessary to hold that the documents, records and correspondence in question constitute or contain material evidence.

The motion of the plaintiff is granted.

■ It seems advisable to say, the records of the operations of the Mosque Theatre years ago by another will not prove loss of profit by the plaintiff in the new business venture it engaged in when it leased said theatre. Iron City Toolworks, Limited, v. Welisch, 3 Cir., 128 F. 693; Central Coal & Coke Co. et al. v. Hartman, 8 Cir., 111 F. 96; Bartow v. Erie R. Co., 73 N.J.L. 12, 62 A. 489; Mason v. Erie R. Co., 75 N.J.L. 521, 68 A. 105; but loss of profits is not the only loss alleged. There is alleged loss of money invested in said enterprise including sums owed for operating expenses and damages by reason of loss of lease and rights thereunder, which may become questions for the jury or the court. Story Parchment Co. v. Paterson Parchment Paper Company, et al., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544; Contra, Baush Mach. Tool Co. v. Aluminum Co. of America, 2 Cir., 79 F.2d 217, at page 227.

An order should be presented.