MAY BISTANY, PLAINTIFF, v. FLORENCE BENNETT AND MYRTLE E. DILTS, EXECUTRICES OF THE ESTATE OF JERRY H. BENNETT, TRADING AS MILLSTONE BUS LINE, DEFENDANTS.

Argued January 22, 1941—Decided February 7, 1941.

Before Justices BODINE and PORTER.

For the plaintiff, *Harold J. Sklarew.*

For the defendants, *Bowers & Rinehart* (*Nelson V. N. Dungan*).

The opinion of the court was delivered by

PORTER, J.    A judgment of nonsuit was entered by the trial judge sitting without a jury.    The plaintiff excepted to that ruling and argues on this appeal that the ruling was erroneous because the proofs established a good cause of action.    We think not.    The facts appear to be that the defendant was engaged as a common carrier of passengers; that on June 15th, 1940, the plaintiff was a passenger for hire on the defendant's bus; that the bus stopped to discharge passengers at a usual stopping place and in the usual manner, half on the concrete portion of the road and half on the dirt and gravel shoulder of the road; that as the plaintiff was alighting she stepped down with her left foot on the step, which was wet from the rain which was falling; that it slipped and as her right foot came to the ground her right ankle was twisted.    She testified that her right foot went into a hole in the road.    Several photographs of the road at the scene of the accident were introduced in evidence.    They clearly show the condition of the road and shoulder.    It appears to be in good condition and no holes are shown.    The road is well graded and with only a slight down grade toward the edge of the road.    A man and a woman alighted at the same place just ahead of the plaintiff and without difficulty. The contention is that reasonable care was not exercised

by the operator of the bus in stopping at a place where the road was not level and that fact caused the bus to slant which under the weather conditions which prevailed was the proximate cause of the plaintiff's twisting her ankle. The testimony and the proper inferences to be drawn therefrom do not sustain that contention.

A bus driver must discharge his passengers approximately where they wish to alight. He is under a duty in so doing to use reasonable care so that they may alight with safety. He did not violate his duty to the plaintiff in this instance.

The plaintiff relies on *Malzer* v. *Koll Transportation Co.,* 108 *N. J. L.* 296, and *Pabst* v. *Public Service Railway Co.,* 104 *Id.* 537. Those cases are not in point. In the Malzer case the bus stopped at a sewer basin and the passenger in alighting found the depression so great that to reach the ground with her foot she was obliged to release her hold on the hand rail of the bus. In the Pabst case the bus stopped at a place where there was an open ditch.

The judgment is affirmed, with costs.