15 N.J. Super. 595 (1951)
83 A.2d 797
JOSEPHINE SNELL, PLAINTIFF-APPELLANT,
v.
COAST CITIES COACHES, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT, AND CHARLES KOOS, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1951.
Decided October 17, 1951.
*596 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Abraham R. Klitzman argued the cause for appellant.
Mr. J. Victor Carton argued the cause for respondent (Messrs. Durand, Ivins & Carton, attorneys).
*597 The opinion of the court was delivered PER CURIAM.
Although the plaintiff at the close of her branch of the case suffered the involuntary dismissal by the court of her alleged causes of action against the defendants Coast Cities Coaches and Charles Koos, the present appeal is confined to the review of the judgment entered in favor of the corporate defendant Coast Cities Coaches.
Concisely described, the mishap from which this action arose occurred on October 24, 1950, near the corner of Edgemont Drive and Evergreen Place in Loch Arbour, Monmouth County, where the plaintiff in alighting from the defendant's bus stepped into a hole later estimated to be about one foot in depth and approximately seven inches "in circumference" existing in the grass plot two feet in width lying between the curb and the paved sidewalk.
The basis of her action to recover compensatory damages for her consequential bodily injury was the alleged failure of the defendant to exercise reasonable care in the selection of a safe place for the plaintiff as a passenger to alight. Foley v. Brunswick Traction Co., 66 N.J.L. 637 (E. & A. 1901); Paynter v. Bridgeton, &c., Trac. Co., 67 N.J.L. 619 (E. & A. 1902); Mason v. Erie R.R. Co., 75 N.J.L. 521 (E. & A. 1907); Brown v. Public Service Ry. Co., 98 N.J.L. 747 (E. & A. 1923); Pabst v. Public Service Railway Co., 104 N.J.L. 537 (E. & A. 1928); Bistany v. Bennett, 126 N.J.L. 107 (Sup. Ct. 1941).
There was no evidence whatever that the plaintiff's injury was caused by any affirmative act of the defendant's driver. The evidence related to a passive condition and the alleged negligence was of a negative character.
The bus was proceeding westerly on Edgemont Drive, which was a deviation from the regular route made necessary by the closing of a bridge for repairs. The plaintiff signaled the driver that she desired to alight from the bus at the corner of Edgemont Drive and Evergreen Place. The driver stopped the bus at the northerly curb some few feet from the corner at a point adjacent to the grass plot between the curb and *598 the pavement of the sidewalk. The plaintiff described the occurrence: "I got off the bus as usual, as I always do, and when I stepped my right foot down and the other foot, I went sprawling. My foot went down into a hole."
The physical characteristics of the area are portrayed by the photographic exhibits. The curbing on the north side of Edgemont Drive curves in the form of an arc around the corner to join the easterly curb of Evergreen Place. Close to the beginning of its curvature on Edgemont Drive there is a catch basin covered by an iron grating. To discharge a passenger at a point east of the catch basin seems to have been circumspect and prudent. See Malzer v. Koll Transportation Co., 108 N.J.L. 296 (E. & A. 1931).
Other photographs persuade us that by reason of the growth of the surrounding grass the hole would not have been visible to one occupying the driver's seat in the bus. The following interrogatory was propounded to the plaintiff at her examination before trial: "Specify the exact nature of the alleged nuisance, trap or hole mentioned in the complaint and the length of time it is alleged to have existed to the knowledge of the defendant." Her answer: "The hole on the property of the defendant Charles Koos was covered over with grass, and without very close inspection could not be visible to a passerby." At the trial she was asked, "As you were getting off the bus, that grass had grown sort of over the hole so you couldn't see it, hadn't it?" She answered, "Yes."
Therefore the factual background was that of a driver of a bus operating the vehicle over an uncustomary route and being unaware of any concealed danger discharged a passenger at a place apparently safe. Certain elementary principles promptly enter into the consideration of the case. A common carrier is not an insurer of the safety of its passengers. The mere happening of an accident does not in these circumstances raise a presumption of negligence. Negligence is a fact which must be proved.
*599 There is no evidence in the transcript from which it could be logically inferred that the existence of the depression in the grass plot was sufficiently exposed to view to have been visible to a reasonably vigilant and cautious driver similarly situated. There is no positive duty resting upon the operators of such common carriages to anticipate every uneven surface or defect in the highway or along its side and stop his vehicle so as to avoid the remote possibility of a passenger stepping on some uneven surface or in a depression which, notwithstanding the exercise of reasonable watchfulness, did not appear to be and was not a place having the manifest characteristics of potential harm. MacDonald v. Philadelphia Rural Transit Company, 147 Pa. Super. 220, 24 A.2d 37 (Super. Ct. 1942); Virginia Electric & Power Co. v. Thomas, 180 Va. 292, 23 S.E.2d 148 (Sup. Ct. of App. 1942).
We agree with the trial judge that upon the facts and the law the plaintiff failed to show the right to relief. Rule 3:41-2.
Affirmed.