**G. & P. AMUSEMENT CO. v. REGENT THEATER CO. et al.**

Civ. No. 26311.

United States District Court
N. D. Ohio, E. D.

Oct. 28, 1949.

722

Samuel T. Gaines, Gaines & Hirsch, Cleveland, Ohio, for G. & P. Amusement Co.

B. D. Gordon, C. R. Berne, Cleveland, Ohio, for Regent Theater Co. and others.

Thomas M. Harman, Luther Day, John S. Pyke, Cleveland, Ohio, for Warner Brothers Pictures Distributing Corporation and others.

Luther Day, Thomas M. Harman, John S. Pyke, Cleveland, Ohio, Saul Friedberg, New York City, for Universal Film Exchanges, Inc.

JONES, Chief Judge.

This is a private anti-trust action.

Defendants may be classified as follows:

(a) Those defendants who distribute films to various theaters and who will be designated herein as distributor defendants;

(b) Those defendants who exhibit such films and their principal stockholder, Gusdanovic. These defendants will be designated herein as exhibitor defendants;

(c) The Cooperative Theaters of Ohio, Inc., and Milton A. Mooney, its president. These defendants will be designated herein as Cooperative.

The plaintiff has filed a motion under favor of Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A., asking for production, inspection and copying or photographing of the following classes of documents:

(1) Any and all written contracts or agreements entered into by any of the distributor defendants and Cooperative or with any exhibitor for whom such contract was negotiated by Cooperative beginning with contracts for the 1936–1939 season to date of action;

(2) Any and all "deal sheets" used in course of negotiations between defendants referred to in (1) dating from the 1938–1939 season to date of action;

(3) Any and all correspondence or communications, whatever the form, referring to the licensing, buying, etc., of feature pictures between:

(a) Cooperative and distributor defendants from September 1, 1937 to date of action;

(b) Between Cooperative and exhibitor defendants from September 1, 1937 to date of action;

(c) Exhibitor defendants and distributor defendants from September 1, 1937 to date of action;

(d) Being interoffice communications of distributor defendants relating or referring to the theater or theaters operated by plaintiff, by exhibitor defendants or any exhibitor for whom Cooperative acted as buying or licensing agent from September 1, 1937 to date of action.

(4) Any and all "cut offs" which are summaries and final disposition of contracts mentioned in (1);

(5) Any and all corporate record books containing the minutes of meetings of the incorporators, shareholders and directors of Cooperative and exhibitor defendants except the East Shore Theater from January 1, 1938 to date of action;

(6) Any and all profit and loss statements of defendant, Regent Theater Company, from January 1, 1938 to date of action;

(7) Where originals are unavailable to order production and inspection of any and all copies of documents referred to in (1) to (6).

Affidavits and briefs accompanied this motion.

Defendants under favor of Rule 30(b) have filed motions which oppose plaintiff's motion.

Distributor defendants move on the grounds that:

(1) There is no showing of "good cause";

(2) The documents sought are not properly designated;

(3) There is no showing that the documents constitute or contain evidence relative to any matter within the scope of the examination permitted by 26(b).

Exhibitor defendants' and Cooperative's motion adopts the reasoning of the distributor defendants' motion and brief insofar as it applies to them, and also asks that the plaintiff's fifth request for discovery be overruled because of improper designation of documents and lack of relevancy and that plaintiff's sixth request be overruled because of lack of relevancy.

All defendants maintain that the production of the documents will cause them expense and hardship and will reveal confidential information and ask that if the plaintiff's motion is granted in all or part that the inspection so ordered be conducted by a master and be limited to those parts of such written contracts or agreements and parts of such forms or papers used during the course and conduct of negotiations thereof as relate to those defendants or others, as to whose written contracts or agreements the Court shall have ordered production and inspection.

Defendants strongly contend that plaintiff has made no showing of good cause why the documents requested should be produced. It is not easy to determine from the cases what "good cause" is. Defendants cite Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811; Dellameo v. Great Lakes Steamship Co., D.C., 9 F.R.D. 77, and Garrett v. Faust, D.C., 8 F.R.D. 556, as controlling.

█ An examination of these cases indicates, however, that in each one the material which was to be produced or the in-

formation therein was available to the mover or was already in his possession. A negative rule results. Good cause is not shown when the mover has the information sought or can obtain the documents or information therein through other methods than the rules of discovery. Conversely, when such information is available only in the documents which are to be produced, at least a partial showing of good cause has been made.

Other decisions indicate that a showing of good cause has been made if it appears that the documents are relevant or will lead to discovery of relevant evidence or if their production will enable a party to prepare his case or will facilitate proof or progress at the trial. U.S. v. Schine Chain Theaters, D.C., 2 F.R.D. 425; Gordon v. Pennsylvania R. Co., D.C., 5 F.R.D. 510; Hirshhorn v. Mine Safety Appliance Co., D.C., 8 F.R.D. 11.

■ Assuming that the material requested is relevant, it is apparent from the ample supply of affidavits and briefs from both sides that the documents which plaintiff wishes to be produced are in the possession of the defendants and that the information contained in such documents will be available to the plaintiff only if this Court so orders. Plaintiff has disclosed the theory along which he expects to proceed at trial and from such disclosure it seems necessary for him to have the requested documents produced to aid in the preparation of the case. Since the documents are unavailable and are necessary, plaintiff has shown good cause for production of the documents.

■ The documents which are to be produced must be reasonably designated. There is a wide divergence of opinion on how specific the designation must be. One viewpoint holds that the documents must be so clearly indicated that the possessor may go to his files and pick out the document. The other viewpoint holds that all that needs be designated are the definite subject matters which are desired rather than that certain books be designated which may or may not contain information desired. The latter liberal view more nearly approaches the purpose of the Rules and will be followed.

■ In this action plaintiff has designated the specific subject about which information is desired and there is no reason to believe that the defendants will have much trouble in finding the documents desired. This being so, there is no need for a specific designation of the exact documents desired. The Rules of discovery were not meant to be hindered by technicalities which would allow the suppression of evidence which meets the requirements of Rule 26(b).

All defendants claim that the plaintiff's motion should be denied because there is no showing of relevancy on the part of the plaintiff. Perhaps before the 1948 amendments such a showing had to be made, but even then, as shown by some of the cases cited in distributor defendants' brief, there was some doubt as to the validity of such requirement. See for instance, Byers Theater, Inc., v. Murphy, D.C., 1 F.R.D. 286.

■ Since Rule 34 has been amended, the scope of the discovery allowed is extended. That scope is measured by 26(b) which allows discovery of matters relevant to the subject matter of the action or discovery of matter which is reasonably calculated to lead to the discovery of admissible evidence.

■ The theory along which plaintiff apparently will proceed, is that Cooperative, because of services rendered to its subscribers, has created an affiliated or unaffiliated circuit with large scale buying power. This power placed monopoly power at Cooperative's disposal, and this power was directed at plaintiff. Distributor defendants, Gusdanovic and the exhibitor defendants controlled by him aided and abetted in the use and abuse of this monopoly power. If this is the theory, it would seem clear that the documents requested in paragraphs one to four of plaintiff's motion will disclose evidence of the buying power of Cooperative and how it was manipulated against plaintiff, if it was. The documents requested in paragraph five of the motion

will show whether Cooperative and Gusdanovic and the exhibitor defendants conspired against plaintiff. In other words, there seems to be a relevant connection between the documents requested and the issues of this case.

As pointed out above, however, it is no longer necessary to find the connection between the issues and the documents requested. It is reasonable to expect that the production of the documents will lead to discovery of admissible evidence. That is all that is required and it is so shown by plaintiff.

The same may be said of plaintiff's request for the production of Regent's profit and loss statements. They will lead, at least, to discovery of evidence admissible on the damage count of the complaint.

Defendants move that if discovery is granted it be limited to those documents which relate to the defendants in the action. The plaintiff should be allowed to inspect all documents requested in its motion including those relating to exhibitors served by Cooperative who are not defendants in this action. Again it is reasonable to expect that such document will lead to discovery of admissible evidence. Benal Theater Corp. v. Paramount Pictures, Inc., D.C.N.D.Ill.E.D., 9 F.R.D. 726.

Defendants also request that a special master be appointed. The nature of the matter to be discovered is not so confidential that such procedure need be followed. This is especially true in light of the fact that plaintiff has stated that it will not reveal to any interested party the nature of the information discovered. The Court orders that the plaintiff keep the information discovered confidential except where it becomes necessary at trial to reveal it.

Because of the mass of material to be covered and produced, the Court orders the defendants to allow one of the plaintiff's attorneys or their representative to come to the offices of the defendants and allow him to make copies of the documents ordered produced by this Court.

The motion of plaintiff will be granted.

Due to inadequate judicial assistance it is not possible to grant requests for oral argument on motions of this character.