**LEVEN et al. v. BIRRELL et al.**

United States District Court
S. D. New York.
May 22, 1952.

See also, 92 F.Supp. 436.

Geller & Saslow, New York City, for plaintiff.

Abraham M. Glickman, New York City, for Greater N. Y. Industries, Inc.

Abraham Rotwein, New York City, for Securities Corp.

Koenig & Bachner, New York City, for American Druggists etc.

Curtis, Mallet, Prevost, Colt & Mosle, New York City, for International Utilities Corp.

EDELSTEIN, District Judge.

 Plaintiffs, minority stockholders prosecuting a derivative action, have moved under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A., for the production of a large number of documents by defendants. The documents are, for the most part, designated by categories, and objection is taken on the ground that the designation is too general. Designation by category is sufficient so long as the category itself is sufficiently defined, see Moore's Federal Practice, 2nd ed., vol. 4, § 34.07; and I believe that this test has been met. A more serious objection is that the affidavits accompanying the motion do not, with some exception, contain factual allegations concerning the relevancy of the documents sought, nor is there any specific showing of good cause. An affidavit indicates, in tabular form, the counts of the complaint to which designated documents are claimed to be relevant, and the plaintiff urges that the court, on perusal of the notice of motion and the complaint, will conclude that the showing is adequate. But the plaintiff has the burden of stating facts leading to the conclusion of relevancy; he has not entirely met that burden and he cannot avoid it merely by stating a conclusion and leaving the court with the task of supplying for itself the necessary factual basis, a task involving a detailed study of all of the counts of a voluminous complaint. However, with respect to item 18, requesting documents relating to non-defendant corporations, relevancy has been specifically established, and a proper foundation has been laid under the requirement of a previous ruling by Judge Clancy. Facts also have been supplied to indicate the relevancy of documents requested in items 17, 20 and 21.

 The question of good cause, in a case such as this, is conditioned by the fact that the evidence would normally be within the knowledge and possession of the defendants, and considerations of practical convenience dictate that the production of the requested documents is necessary to enable plaintiff to prepare his case and to facilitate proof and progress at the trial.

Good cause, therefore, may be taken as established here without a more precise exposition.

 The plaintiff's motion will be granted with respect to items 17, 18, 20 and 21 and with respect to those items which have been conceded by defendants, with such modifications as the plaintiff has already agreed to accept. The motion will be denied as to the other items, but with leave to renew the motion to include a proper showing of relevancy.

Settle an order accordingly.