## DEMEULENAERE et al. v. ROCKWELL MFG. CO. et al.

United States District Court
S. D. New York.
July 31, 1952.

Amen, Gans, Weisman & Butler, New York City, for plaintiffs.

Shearman & Sterling & Wright, New York City, for defendant National Cash Register Co.

Cahill, Gordon, Zachry & Reindel, New York City, for defendants Rockwell Mfg. Co., Ohmer Corp. & John O. Ekblom.

WEINFELD, District Judge.

The plaintiffs' motion pursuant to Rule 45(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to modify the subpoena duces tecum is disposed of as follows:

*Item 1.*

■ Admittedly the demand which calls for "All correspondence, memoranda, inter-office communications, applications, records of interference documents or other writings" is broadly worded, but it is limited to those "relating to applications * * * concerning patents * * * on cash registers, or other calculating or registering machines and improvements" owned by the plaintiffs from April 1, 1935, to March 19, 1952, and as so phrased defines the documents with sufficient particularity. However, the documents to be produced will be limited to those relating to the five patents described in Paragraph XIII of the complaint and which are the subject of the agreements made with a number of defendants. The plaintiffs' claim is predicated upon an alleged breach of those contracts for the manufacture and sale of cash registers under said patents and illegal conduct of the defendants to obstruct their production and sale in furtherance of a monopoly,

attempt to monopolize and conspiracy to monopolize and restrain trade. The period of the demand for the documents from 1935 to March 19, 1952, appears proper. While it may be true that the corporate plaintiff did not come into existence until January 1, 1945, and that none of the individual plaintiffs visited this country prior to January, 1940, the agreements upon which plaintiffs' claim is founded rest in part on letters patent filed on April 18, 1935. Motion granted only to the extent indicated.

*Item 2.*

■ The complaint alleges that on August 6, 1947, the plaintiffs entered into the five separate agreements with the defendants Rockwell Manufacturing Company and Ohmer Corporation, induced by representations previously made by said defendants that they were in active competition with the defendant, the National Cash Register Company; that thereafter the agreements were breached as part of a conspiracy by all the defendants, including National, to monopolize and restrain trade and commerce in the manufacture, shipment and sale of cash registers. It is charged that National, although not a party to the contracts, induced these breaches. Therefore, this item which is directed to all correspondence, memoranda, contracts and documents relating to any agreements between plaintiffs and Rockwell Manufacturing Company and Ohmer Corporation, including documents as to the negotiations, performance or breach of said agreements is proper since it is relevant to the subject matter of the action. However, the period specified is from April 1, 1935 to date, whereas the complaint merely alleges that the negotiations began, and the representations were made, prior to August 6, 1947. This item is, therefore, modified to include only such documents as came into existence from the date of inception of the negotiations leading to the agreements which were executed on August 6, 1947. To avoid controversy as the examination proceeds, the plaintiffs will be required to submit an affidavit of the date they claim they had initial negotiation with the defendants other than the National Cash Register Com-

pany, or they may stipulate as to a date as suggested in the opposing affidavit, and the order to be entered hereon may set forth such date as the beginning period for the items in question.

*Items 3, 7, 10, 12 and 17.*

 In addition to other stated objections, plaintiffs also urge that the designation of the documents sought therein is insufficient and misleading and that they are unreasonably broad in scope and in effect a blanket request for all the files of plaintiffs. The request in Item 3 for documents concerning "the actual or prospective development, manufacture, production or sale of cash registers * * *, or * * * negotiations * * * with respect to the same * * *, from August 6, 1947 to date" while it parallels allegations of the complaint, is too broad. While it is proper for the defendants to inquire into the subject matter, the item as framed places a heavy burden on plaintiffs to produce every document dealing with these general subjects and in certain respects they are repetitious of, and overlap, other items. Moreover, the examining defendant is a competitor of the plaintiffs and many of the items requested are of such a nature that their production under subpoena should not be required except upon a showing of good cause.[1]

The same considerations apply to Item 7 which relates to documents concerning "financing or capitalization of the manufacture or sale of cash registers" and plaintiffs' motion is granted with respect to this item.

Item 10, with respect to price lists and other documents relating to the pricing of cash registers; item 12 as to books, records and financial statements relating to profits or royalties; and item 17 as to production and shipping records, relate directly to charges of interference and obstruction made in the complaint. Moreover, the plaintiffs concede that defendants are entitled to know how many cash registers plaintiffs made, their price, the profit derived there-

from during the period from August 6, 1947 to date. However, items 10, 12 and 17 as presently worded are entirely unrestricted and are modified so as to call for records with respect to production, sales, shipments, prices, profits and royalties during the period in question.

*Items 6 and 8.*

 The documents here sought are based upon specific allegations of the complaint (Paragraphs XX(5)E and XX(2)) and plaintiffs have failed to interpose specific grounds of objections. The motion is denied.

*Item 9.*

This item is proper and the documents subpoenaed are based upon specific allegations of the complaint (Paragraphs XX(1) and XX(2)). However, the time is modified to the period commencing July 6, 1949, since that is the date when the acts complained of are alleged to have commenced.

*Item 13.*

The motion is granted. The defendants concede this is repetitious of Item 1.

*Item 15.*

 Plaintiffs only object to the portion of this item which calls for the production of corporate minutes. Much of the matter thus sought is required to be produced under other items herein, particularly 10, 12 and 17. If, after completion of the depositions in connection with which the subpoenae were issued the defendants still require production of the corporate minutes, they may, by application under Rule 34, upon a showing of good cause, seek their production. The motion to modify this item is granted to the extent of the objection.

*Item 18.*

Plaintiffs offer no objection to the production of all documents and correspondence with the Office of the Alien Property Custodian from April 1, 1935 to date, pertaining to patents or applications for letters patent relating to the manufacture of cash registers. They oppose a substantially simi-

---

1. The requirements of Rule 34 as to "good cause" are to be read into Rule 45(b).

5 Moore's Federal Practice, Second Edition, pp. 1722, 1723.

lar request for all correspondence with the Department of Justice relating in any way to the manufacture or sale of cash registers for the period from August 6, 1947 to date. To the extent that these relate to functions performed by the Department of Justice as successor in title to the Alien Property Custodian, the motion is denied. However, with respect to correspondence and documents pertaining thereto had with the Department of Justice as to violations of the decree entered in 1916 in the anti-trust prosecution against the defendant the National Cash Register Company, the motion to modify is granted. It is not clear how these documents or the material designated in the request will serve to narrow the issues or provide leads to relevant evidence. Information relating to possible governmental action is not within the scope of this civil suit.

The broad nature of the charges set up in the complaint necessarily permit broad scope in the examination of the plaintiffs and the production of extensive and voluminous records and documents in connection therewith. The Court is not in a position at this time, in the absence of a detailed description of specific documents, to pass upon the contentions made by plaintiffs as to alleged privileged documents and secret processes, developments or research. Accordingly, the disposition of the present motion is without prejudice to the right of the plaintiffs as the examination proceeds to apply for such relief as they may claim to be entitled under Rule 30 of the Federal Rules of Civil Procedure and, likewise, without prejudice to the right of the defendants to proceed under other pertinent rules of the deposition-discovery procedure upon a showing of good cause as required by such rules.

The request for payment of plaintiffs' costs is denied. Having commenced this litigation, they must expect to bear the costs incidental to the examinations unless cause to the contrary is shown, and no facts have been presented to warrant the imposition of costs upon the defendants.

Settle order on notice.