### GUNDERSON
### v.
### MORAN TRANSP. CORP.

United States District Court
S. D. New York.
Dec. 14, 1953.

Arthur Bardack, New York City, William L. Standard, New York City, of counsel, for plaintiff.

Alexander & Ash, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff moves for a discovery and inspection of certain enumerated items presumably under Fed.Rules Civ.Proc. rule 34, 28 U.S.C.A., in an action arising out of his employment as a scowman on the Scow Moran No. 109 in September, 1952.

Defendant opposes granting of the motion on the sole ground that a showing of "good cause" required by the rule has not been made.

The parties admitted upon argument that cross-notices to take each other's deposition had been served but adjourned *sine die*.

The affidavit, upon which the motion is made, is that of an attorney, who characterizes himself as being a member of the law firm which is "of counsel" to the plaintiff's attorney of record.

The sole good cause therein relied upon is stated to be that "[T]he plaintiff is about 65 years of age, and the *forwarding attorney advises us* that he does not make himself clearly and easily understood with reference to his employment conditions". (Emphasis supplied.)

Except for permission to take photographs and measurements of the scow, to which defendant consents, the items sought could more readily be obtained by deposition or interrogatory. This, however, is no reason to deny the relief sought if good cause is shown.

Form 24 appended to the Rules sets forth the suggested form of affidavit to be employed on a motion for production of documents. Subdivision (2) thereof indicates what must be shown to establish good cause.

The instant affidavit falls short of compliance therewith.

Accordingly, except for permission to take photographs and measurements of the scow upon the conditions incorporated in defendant's consent thereto, the motion is denied without prejudice to a renewal thereof upon the following terms: 1. That in his notice of motion, plaintiff cite the rule under which he is proceeding (see Headnote, Motion Calendar, New York Law Journal); 2. That plaintiff seek only those documents established on defendant's deposition or answers to interrogatories to exist; and 3. That plaintiff establish good cause by proper affidavit setting forth facts and not vague hearsay or conclusions. Settle order.