**Edwin M. REID, doing business as College Book Exchange, Plaintiff,**

v.

**HARPER & BROTHERS, Defendant.**

United States District Court
S. D. New York.

March 28, 1955.

Campbell & Hills, New York City, for plaintiff. Thurman Arnold, Norman Diamond, Washington, D. C., Arnold, Fortas & Porter, Washington, D. C., of counsel.

Alexander S. Andrews, New York City, for defendant. Horace S. Manges, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

This is an application by the defendant to require the plaintiff to produce in this Court, pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., certain documents described in ten categories in the moving papers. The moving party also seeks an order requiring the plaintiff to appear in person for examination in this Court.

A short history of this litigation is in order. The complaint was filed in July 1950. The case was at issue on August 29, 1950. In August 1953 defendant served and plaintiff answered interrogatories comprising approximately 260 items. The case reached the foot of the ready calendar in October 1953, and has been adjourned approximately eight times since. The case has now been set at the head of the calendar for trial for May 2, 1955.

The complaint, in brief, alleges that the plaintiff purchased books for his business from the defendant and that the defendant sold him books at discriminatory prices in violation of the Robinson-Patman Act, 15 U.S.C.A. § 13 et seq.

The defendant's excuse for this application at this late date is primarily premised on the retention by the defendant of new associate counsel, to serve as co-counsel with defendant's present counsel, who is currently ailing. New counsel now urges that he has discovered that plaintiff's answers to the defendant's interrogatories which were received in August 1953 were in many cases incomplete and unresponsive. Therefore, defendant now says it not only wants additional documents under Rule 34 but it seeks the oral examination of the plaintiff.

With respect to the application under Rule 34, counsel have narrowed the field for ruling to three items in the notice of motion. There now remains for disposition only items (d), (e) and (f). I shall first deal with (e) and (f). Item (e) calls for

"Copies of all interrogatories served by plaintiff upon the respective defendants in each of the actions brought by plaintiff against the persons, firms or corporations listed under subparagraph d hereof and copies of the answers to said interrogatories served by each of said defendants."

Item (f) calls for

"Copies of all interrogatories served by each of the persons, firms or corporations listed under subparagraph d hereof against whom plaintiff instituted action and copies of plaintiff's answers to said interrogatories."

The persons, firms and corporations referred to in item (d) are apparently all book publishers and are all defendants in Robinson-Patman price discrimination suits instituted by this plaintiff against them in the United States District Court in Toledo, Ohio. The defendant argues that since the answers to its interrogatories reveal that the plaintiff suffered damages as a result of the conduct of all of the Toledo defendants, that it is vital for this defendant to determine the extent of the contribution to such alleged damages made by each of the persons against whom plaintiff has instituted suit. I do not think that the defendant has shown "good cause" for requiring the plaintiff to produce these items, at this late date, particularly when they are available to the defendant in the files of the United States District Court in Toledo, Ohio. The good cause required by Rule 34 is not met under these circumstances.

■ "Good cause is not shown when the mover * * * can obtain the documents or information * * * through other methods than the rules of discovery." 4 Moore's Federal Practice (2d Ed.) 2451. See also Dellameo v. Great Lakes S. S. Co., D.C.N.D.Ohio, 1949, 9 F.R.D. 77; Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Accordingly the application to require the plaintiff to produce the items enumerated in (e) and (f) of the notice of motion is denied.

Item (d) seeks copies of correspondence between the plaintiff and over forty listed individuals, firms or companies between 1941 and 1950. I believe that there is good cause for the examination of these documents if we do not read "good cause" in a restricted sense. The defendant in its papers makes out a case of relevancy for the papers sought. It asks the Court to note that those listed in item (d) are defendants in separate actions for violation of the Robinson-Patman Act in Toledo, Ohio. The defendant urges, therefore, that if the plaintiff suffered damages in the various categories set forth by him in answer to interrogatory No. 40[1] then not only defendant in this action but the defendants in the other actions instituted by plaintiff all contributed to that damage; that the most effective way for it to ascertain the amount of the contribution to that damage, by lack of the other defendants in the Toledo actions, is by an examination of this correspondence.

■ It is difficult to lay down a definition of "good cause" that would apply to every case.[2] But as Prof. Moore points out:

"Generally speaking * * * there should be a showing that the documents sought to be inspected will in some way aid the moving party in the preparation of his case;

---

1. Answer to Interrogatory No. 40:
"The details of such computation included purchases made between 11–1–41 through 1950 as follows: Trade books $561.41 @ 42%; 514.87 @ 41–1/2%; $1,486.42 @ 41%; $34,220.97 @ 40%; $13.60 @ 36%; $36.34 @ 33–1/3%; short Discount Books $1,727.91 @ 25%; $8,637.94 @ 20%; $6.00 at no discount; discount differentials given competitors of plaintiff over that given plaintiff; loss of profits from such discrimination; loss of orders and resulting loss of profits on sales I could have made had I been given the lower price; loss of profits due to inability to meet competition and expand my business; losses in advertising due to inability to meet competition; losses due to my inability to meet my competitors promotional activities; loss of retail book sellers business where competitors offered my customers the same price I had to pay Harper on Harper books with result I not only lost profit on sales of Harper books but also their orders for books of publishers which had not discriminated against me, and other factors contributing to my injury."

2. It is interesting to note that the Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure (May 1954) prepared by the Advisory Committee on Rules, provides for the

that the documents are relevant to the issues; that the moving party must establish his claim or defense by documents, most of which are in the adverse party's possession; or that denial of production would unduly prejudice the preparation of the party's case or cause him hardship or injustice." 4 Moore's Federal Practice (2nd Ed.) 2450. See also G. & P. Amusement Co. v. Regent Theater Co., D.C.N.D.Ohio, 1949, 9 F.R.D. 721.

The majority of the Courts, that have considered the problem have held that a sufficient showing of good cause is made if it is shown that the category of documents is relevant to the subject matter of the action. Michel v. Meier, D.C.W.D. Pa.1948, 8 F.R.D. 464; June v. George C. Peterson Co., 7 Cir., 1946, 155 F.2d 963; in this District, see Gunderson v. Moran, D.C., 15 F.R.D. 111; Wild v. Payson, D.C.S.D.N.Y.1946, 7 F.R.D. 495; Gielow v. Warner Bros., D.C.S.D.N.Y. 1938, 26 F.Supp. 425. Numerically fewer cases have held that something more than a showing of relevancy is necessary to constitute "good cause". Even if this view is followed the defendant has shown good cause. I will, therefore, direct the production of these papers under the conditions hereafter set forth.

■■ As noted, the defendant also seeks the oral examination of the plaintiff Reid. Rule 33 F.R.C.P. states:

"Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of

elimination of the "good cause" requirement in Rule 34 for inspection and copying purposes, except to the extent that

the deponent or the party interrogated, may make such protective order as justice may require."

It is clear, therefore, that the defendant may move for an oral deposition after interrogatories have been answered. It appears that the plaintiff when first advised that associate counsel might wish to take additional depositions, expressed a readiness to waive his objections to this delayed discovery proceeding provided the depositions were commenced no later than March 18, 1955. Obviously, this was intended to prevent a delay of the trial in this case. In an effort to balance the equities in this case, and mindful of the belated request for depositions, the financial condition of the plaintiff who apparently conducts a small business in Toledo (plaintiff's answer to defendant's interrogatory No. 225 states that his largest annual net profit in any year was $5675 in 1945), I shall direct that the oral deposition of the plaintiff Reid may be taken by the defendant but that it shall be taken in the United States Court in Toledo, Ohio. Furthermore, at the time of taking the oral depositions, the plaintiff will produce the documents requested in item (d) of the notice of motion. Furthermore, the examination shall commence no later than April 11th and be conducted continuously from day to day thereafter but to conclude in any event not later than April 14th. It is the intention of this Court that the granting in part of the defendant's application, as indicated, shall in no way interfere with the commencement of the trial now set by Judge Knox for May 2nd. Settle order.

the Hickman v. Taylor "lawyer's work-product" rule requires this "good cause" showing.