The CONNECTICUT MUTUAL LIFE
INSURANCE COMPANY,
Plaintiff,
v.
Paul V. SHIELDS et al., Defendants.

HOME LIFE INSURANCE COMPANY,
Plaintiff,
v.
Paul V. SHIELDS et al., Defendants.

EASTERN LIFE INSURANCE COMPANY OF NEW YORK,
Plaintiff,
v.
Paul V. SHIELDS et al., Defendants.

United States District Court,
S. D. New York.
March 30, 1955.

See also 16 F.R.D. 5; 16 F.R.D. 395; 17 F.R.D. 277.

274

Davis Polk Wardwell Sunderland & Kiendl, New York City, for plaintiffs.

Cahill, Gordon, Rendel & Ohl, New York City, for defendants Shields & Co.

Begley, Diamond & Begley, Schenectady, N. Y., for defendants Parsons, Brinckerhoff, Hall & Macdonald. Cahill, Gordon, Reindel & Ohl, New York City, of counsel.

Watters & Donovan, New York City, for defendants Leonard L. Lawrence and Robert E. Schweser Co.

IRVING R. KAUFMAN, District Judge.

Several related motions have been brought on for hearing. In this opinion I shall deal only with the motion of the plaintiffs, The Connecticut Mutual Life Insurance Company, hereinafter referred to as "Connecticut"; Home Life Insurance Company, hereinafter referred to as "Home" and Eastern Life Insurance Company of New York, hereinafter referred to as "Eastern", to vacate subpoenas served on plaintiffs by defendant Shields & Company in March, 1954.

Connecticut, Home and Eastern are plaintiffs in three of seven separate actions seeking rescission and damages for alleged misrepresentation against the underwriters and others by purchasers of Bellevue Bridge 4% Revenue Bonds, dated November 1, 1950. All seven actions are being consolidated for the purpose of trial. The misrepresentations complained of relate to the estimated toll traffic for the bridge and the state of the access roads to and from the bridge, it being charged in substance that instead of 1,111 cars using the bridge as originally estimated, the traffic has remained at around 100 cars a day. Defendants by their answers deny the allegations and allege affirmative defenses of laches and estoppel, and in short, that the plaintiffs had independent knowledge of the actual state of facts as to the Bellevue Bridge.

On February 15, 1955, Judge Noonan denied a motion of the defendant Shields to adjudge plaintiffs in contempt for refusing to comply with the aforesaid subpoenas. Judge Noonan, however, extended leave to the plaintiffs to move to modify or quash the subpoenas pursuant to Rules 45(b) and 30(b) of Fed.Rules Civ.Proc. 28 U.S.C.A. This application is now made pursuant to that leave.

It appears that the plaintiffs and defendants from the outset recognized that a question existed as to the propriety of obtaining the desired papers by subpoena duces tecum [1] under Rule 45 while examining a party under Rule 26, instead of resorting to Rule 34. It further appears that to date three plaintiffs have been examined by defendant Shields through twelve witnesses, over a period of eighteen days, comprising approximately 1300 pages of testimony, and that the defendants have obtained from the plaintiffs approximately 90 documents pursuant to the course they have followed, to wit: production of papers by subpoena instead of pursuant to Rule 34.

It is alleged by the defendant Shields & Company that evidence supporting the defense that plaintiffs had independent knowledge of the actual state of facts with respect to the Bellevue Bridge, and that they were estopped and are guilty of laches will be present in the documents sought. In answer, plaintiffs contend that the defendant Shields & Company has not shown good cause for the production of these papers as required under Rule 34 and that the said defendant may not resort to Rule 45 to circumvent the requirements of Rule 34. Moreover, plaintiffs urge that good cause cannot be shown since defendants have admitted that they cannot describe and designate specifically the documents desired, and, furthermore, even if this is not essential, there is a complete absence of other elements required for good cause.

The generally accepted view is that Rule 45 is *in pari materia* with Rule 34 and good cause must be shown for the production of documents sought through Rule 45. Professor Moore states it this way:

"There is a discrepancy between the provisions of Rules 26 and 45, on the one hand, and Rule 34 on the other hand, in connection with the production of documents in the possession or under the custody and control of a party. Rule 34 permits the court to order production of documents in possession of a party only upon a showing of 'good cause'. Rule 45, on the other hand, since the 1946 amendment, authorizes the clerk to issue a subpoena for the production of documents upon mere application, no showing of good cause being required; and, as we have just seen, even the formality of a subpoena is unnecessary where a party is concerned. The two provisions, however, can be reconciled, for it is hardly to be thought that the draftsmen of the Rules meant to allow the requirement of good cause in Rule 34 to be circumvented by use of the subpoena duces tecum under Rules 26 and 45, or the notice procedure under Rule 30." 4 Moore's Fed.Practice (2d Ed.) 1053.

Professor Moore then brings into focus the essential distinction between the two Rules:

"The chief difference between the two methods of procedure, then, is that in proceeding under Rule 34 the burden is always on the moving party to make a showing of good cause; where production is sought by subpoena duces tecum or by notice, the opposing party or the witness must take the initiative in pro-

---

1. The subpoenas sought the following:

All reports, memoranda, correspondence and other papers containing, reflecting or otherwise alluding to any information or facts received by or otherwise known to [the designated plaintiff], its officers, employees or agents prior to the commencement of this action relating to any of the following:

(a) The construction, operation, traffic, access road system or financial prospects of the Bellevue Bridge.

(b) Action or prospective action of any governmental body affecting or potentially affecting the construction, operation, traffic, access road system or financial prospects of the Bellevue Bridge.

(c) The financial value of the Bellevue Bridge Revenue Bonds.

All reports, memoranda, correspondence

testing the request for production and must show that the request is unreasonable or oppressive. The rule should be construed *in pari materia* and the right to discovery should not depend upon the tactical choice of one procedure as against another." 4 Moore's Fed.Practice (2d Ed.) 1053–1054.

See also Schwartz v. Broadcast Music Inc., D.C.S.D.N.Y.1954, 16 F.R.D. 31; Reid v. Cronin, D.C.S.D.N.Y.1954, 15 F.R.D. 337; Demeulenaere v. Rockwell, D.C.S.D.N.Y.1952, 13 F.R.D. 134; North v. Lehigh Valley Transit Co., D.C.E.D. Pa.1950, 10 F.R.D. 38.

■ I cannot agree with the argument advanced by plaintiffs that there cannot be good cause in light of the admission by defendant Shields & Company that it does not know specifically the description and designation of each of the documents sought. Shields has adequately described in the subpoenas the categories desired and this is sufficient. If the plaintiffs' position were to prevail, it would place an undue burden upon both those prosecuting and defending civil litigation. Indeed, it is quite commonplace in long and involved litigation, for there to be in existence documents relevant and material to the issues, which cannot be described by the adverse party with particularity. Hence the common sense rule has emerged eliminating the necessity of a specific description of each and every document sought. It is not unusual that a party requesting documents of the opposing side does not know the names of the writers of the documents and the dates of such documents but merely knows that they exist. There could be no other way to get at the truth except by stamping as adequate a description of the categories in which these papers may fall. Louis Weinberg Associates v. Monte Christi Corp., D.C.S.D.N.Y.1951, 11 F.R.D. 514;

Leven v. Birrell, D.C.S.D.N.Y.1952, 13 F.R.D. 341; Matter of Chopnick, S.D. N.Y.1942, 6 F.R.S. 45b.413, Case 1; Alleghany Corp. v. James Foundation of New York, D.C.S.D.N.Y.1952, 12 F.R.D. 434; Demeulenaere v. Rockwell, D.C.S.D. N.Y.1952, 13 F.R.D. 134. The early view expressed by Judge Woolsey in United States v. American Optical Co., D.C.S.D. N.Y.1942, 2 F.R.D. 534 has been rejected by the more recent cases. See United States v. United States Alkali Export Association, D.C.S.D.N.Y.1946, 7 F.R.D. 256. See also United States v. United Shoe Machinery Corp., D.C.Mass.1948, 76 F.Supp. 315.

Accordingly, I conclude that the documents subpoenaed have been sufficiently described. With this disposition there still remains the question as to whether all the essential elements of good cause have been met. One of the most difficult tasks for the courts has been to define good cause. Professor Moore points out:

"Generally speaking * * * there should be a showing that the documents sought to be inspected will in some way aid the moving party in the preparation of his case; that the documents are relevant to the issues; that the moving party must establish his claim or defense by documents, most of which are in the adverse party's possession; or that denial of production would unduly prejudice the preparation of the party's case or cause him hardship or injustice." 4 Moore's Fed.Practice (2d Ed.) 2450.

The philosophy of the federal rules generally, and particularly of the discovery rules, has been to allow parties to get at the facts and evidence without resorting to excessive and time-consuming applications to the court for leave. There is ample provision in the rules by which either side to litigation may be

and other papers prepared or received by plaintiff, its officers, employees or agents containing facts or information relating

to the purchase or sale by plaintiff or others of Bellevue Bridge Revenue Bonds.

protected by application to the court upon a showing of undue harassment or prejudice.

 The modern trend of the courts has been to construe the rules liberally. Indeed, it is interesting to note that the Preliminary Draft of the Proposed Amendments to the Rules of Civil Procedure, prepared by the Advisory Committee on Rules (May 1954), provides for the elimination of the good cause requirement in Rule 34 for the inspection and copying of documents. [It is not contemplated that the Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, work product rule will be affected.] In line with this trend towards the elimination for formalism, the greater number of courts considering the question of good cause have decided that good cause is established when it appears that the papers sought are relevant to the subject matter of the action. In this district see Gunderson v. Moran, D.C., 15 F.R.D. 111; Wild v. Payson, D.C.S.D.N.Y.1946, 7 F.R.D. 495; Gielow v. Warner Bros., D.C.S.D.N.Y.1938, 26 F.Supp. 425. On the other hand, there are cases holding to the restricted view that good cause consists of something more than a showing of relevancy, as, for example, necessity, but these cases do not seem to express the modern view.

It is my conclusion, that while the defendant Shields & Company has resorted to the production of these documents under Rule 45 by subpoena, that Rule 45 is *in pari materia* with Rule 34, and that good cause must be present for their production. Furthermore, I am convinced that the modern trend is to equate good cause in Rule 34 with relevancy and materiality to the subject matter of the action. June v. George C. Peterson Co., 7 Cir., 1946, 155 F.2d 963; Michel v. Meier, D.C.W.D.Pa.1948, 8 F.R.D. 464, 476. See also Hartford Nat. Bank & Trust Co. v. E. F. Drew & Co., D.C.Del.1952, 13 F.R.D. 127; State Theatre Co. v. Tri-States Theatre Corp., D.C.Neb.1951, 11 F.R.D. 381; G & P

Amusement Co. v. Regent, D.C.N.D.Ohio 1949, 9 F.R.D. 721; Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa.1948, 8 F.R.D. 11. The documents here sought are necessary to establish the affirmative defenses of laches and estoppel, and they are in the exclusive possession of the plaintiffs. Under either the restricted or the liberal interpretation of Rule 34 I believe that good cause has been established so as to require the production of the documents sought by the subpoenas.

The motion to quash the subpoenas will be denied. Settle order.