HOUDRY PROCESS CORPORATION, Plaintiff,

v.

COMMONWEALTH OIL REFINING COMPANY, Inc., Defendant.

United States District Court
S. D. New York.
March 2, 1959.

**60**

Bleakley, Platt, Walker, Hart & Fritz, New York City, for plaintiff, Dennis P. Donovan and Robert L. Conkling, New York City, of counsel.

Milton Pollack, New York City, for defendant.

HERLANDS, District Judge.

This is a motion by plaintiff under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A., to order defendant to produce documents and to permit the inspection and copying of said documents.

The action in chief is for damages and an accounting. Plaintiff claims that the sums are due under two licensing agreements, dated March 10, 1954. One of the defenses asserted is that the commencement of the basic agreements and the obligation to pay royalties thereunder was deferred by a subsequent agreement between the parties.

In broad language, plaintiff seeks discovery of all documents ("including letters, telegrams, memoranda, reports, records, transcriptions and internal communications of all kinds") written on or before June 15, 1958 and relating directly or indirectly to the following topics:

(1) the negotiation and/or execution of the basic license agreements of March 10, 1954;

(2) the negotiation and/or execution of any amendments to, waivers of, or changes in, these basic license agreements;

(3) the negotiation and/or execution of all "agreements" relating to, or affecting, the basic license agreements, other than those requested under "(2) above; and

(4) the payment or non-payment of royalties under basic license agreements (or "modifications" thereof) including demands for payment and/or bills rendered by plaintiff to defendant.

Defendant opposes the motion in all respects on the grounds that plaintiff has not shown "good cause"; that the documents have not been designated; that plaintiff has not shown that the material requested is not privileged; that plaintiff has not shown that the documents are in existence or material to the matter involved; and that plaintiff has failed to demonstrate prejudice in the preparation of his case should the motion be denied.

For the reasons set forth below, the motion, as restricted, will be granted as to all topics, with the exception of that part of topic "4" which seeks discovery and inspection of the demands for payment and/or bills rendered by plaintiff to defendant.

Rule 34, unlike other discovery proceedings, requires the moving party to make an affirmative showing of "good cause" for the inspection of documents. Rather than give a fixed definition of the term, the courts have proceeded on a case-by-case basis, allowing practical considerations to determine whether the requisite showing has been made. At page 2450 of 4 Moore's Fed. Prac. (2d ed. 1950) section 34.08, some of the situations that have been held to satisfy

the requirement of the rule have been set out.

In this Circuit, the discernible trend is to give the term a broad construction, consistently keeping faith with the policy to construe pretrial discovery rules liberally, in the absence of a showing of undue prejudice to the opposing party. Recent cases have accepted relevancy as the predominant factor in determining whether good cause has been shown. For example, Connecticut Mutual Life Insurance Co. v. Shields, D.C.S.D.N.Y. 1955, 17 F.R.D. 273, 277 held:

"The modern trend of the courts has been to construe the rules liberally. Indeed, it is interesting to note that the Preliminary Draft of the Proposed Amendments to the Rules of Civil Procedure, prepared by the Advisory Committee on Rules (May 1954), provides for the elimination of the good cause requirement in Rule 34 for the inspection and copying of documents. [It is not contemplated that the Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, work product rule will be affected.] In line with this trend * * * the greater number of courts considering the question of good cause have decided that good cause is established when it appears that the papers sought are relevant to the subject matter of the action. * * * On the other hand, there are cases holding to the restricted view that good cause consists of something more than a showing of relevancy, as, for example, necessity, but these cases do not seem to express the modern view."

While recognizing this liberal trend, the court is aware that district court judges, exercising the discretion that inheres in discovery motion practice [Benning v. Phelps, 2 Cir., 1957, 249 F. 2d 47, 48], have sometimes voiced a reluctance to order a party to produce documents that presumably are readily available to the moving party. This parallel development in the case law holds:

"Good cause is not shown when the mover has the information sought or can obtain the documents or information therein through other methods than the rules of discovery." 4 Moore's Federal Practice, Sec. 34.08, p. 2451, quoting Chief Judge Jones in G. & P. Amusement Co. v. Regent Theater Co., D.C.N.D. Ohio 1949, 9 F.R.D. 721, 723–724.

This rule—developed in connection with the discovery of accident reports, the statements of witnesses, and other materials that are usually the result of a lawyer's work product [Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451]—has been applied in many other cases to deny discovery where "accident" reports are sought, e. g., Dellameo v. Great Lakes S. S. Co., D.C.N.D.Ohio 1949, 9 F.R.D. 77, 78, or where the movant could develop the information sought by making his own tests, United States v. Five Cases, More or Less, Containing Figlia Mia Brand, D.C.D.Conn., 1949, 9 F.R.D. 81, 83, affirmed 2 Cir., 1950, 179 F.2d 519, 523, certiorari denied 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372.

Other cases, in which investigatory reports and "work product" are not involved, have applied the rule to deny discovery when it appears that the moving party is in possession of the very documents he seeks to have his adversary produce. State Theatre Co. v. Tri-States Theatre Corp., D.C.D.Neb.1951, 11 F.R.D. 381, 383; Colonial Airlines, Inc. v. Janas, D.C.S.D.N.Y.1952, 13 F. R.D. 199, 200, reversed on other grounds, 2 Cir., 1953, 202 F.2d 914; Panamusica Venezuela C. A. v. American Steel Export Co., D.C.S.D.N.Y.1954, 16 F.R.D. 280, 281; Endte v. Hermes Export Corp., D.C.S.D.N.Y.1957, 20 F.R.D. 162, 165; and see cases cited in 1958 Supplement to 4 Moore's Federal Practice, at pages 133–134.

■ Thus, good cause in Rule 34 may be equated with relevancy; and, in the main, as the discussion below will indicate, plaintiff has met that requirement. However, the limitation on discovery announced in the cases above is applicable to one of the demands made here. Plaintiff's last request seeks the production of "demands for payment and/or bills rendered by Plaintiff to Defendant." Presumably, plaintiff has these very documents in his possession. Discovery should not be used as a substitute for canvassing one's own files.

■ Apart from the last item, the court is satisfied that the "good cause" requirement of Rule 34 has been met. Obviously, it is difficult to be certain of the relevancy of documents when they have been designated by category only. But description by category is proper under Rule 34, so long as the category itself is sufficiently defined. Leven v. Birrell, D.C.S.D.N.Y.1952, 13 F.R.D. 341, 342; and "good cause" may be shown where the documents sought are relevant, even though the documents are not individually described with specificity and particularity. Connecticut Mutual Life Insurance Co. v. Shields, supra, 17 F.R.D. at page 276.

■ But, defendant further contends, plaintiff's moving papers are defective in that they fail to satisfy Rule 34's requirement that the documents sought be "designated." A short statement of the proceedings taken by plaintiff prior to the motion at bar is necessary to understand why defendant's contention must be rejected.

Plaintiff has taken depositions of defendant's officers, but these depositions are not before the court. Furthermore, plaintiff, pursuant to Rule 33, addressed interrogatories to defendant that sought to elicit the very information that defendant contends the moving papers lack. The first interrogatory, *inter alia,* had defendant state when and where the alleged agreement modifying the basic license agreements was made and "the dates and authors of all documents, memoranda, correspondence and other writings written on or before June 15, 1958, and relating directly or indirectly to the 'modifying' agreement." The second interrogatory, in part, required the defendant to "state whether * * * there had been any amendments, waivers or changes to the (basic license agreements)" and if so, to state "the dates and authors of all documents, memoranda, and other writings written on or before June 15, 1958 and relating directly or indirectly thereto * * *."

Defendant, through its secretary, answered all the interrogatories on information and belief. Although defendant did present written copies of twelve documents that related to the subject-matter of the above interrogatories, defendant answered "No," to question "Two," and referred plaintiff to the twelve documents mentioned. Thus, on the secretary's "information and belief," no further documents exist other than those already given to plaintiff.

The Court need not pass on the sufficiency of the answers given to the interrogatories, 4 Moore's Federal Practice, section 33.26, at page 2333, nor whether, under the circumstances, the corporation's secretary was under a duty to secure the information or state categorically that no further documents exist. Ibid., at page 2331. It is sufficient to note here that, prior to moving under Rule 34, plaintiff attempted to acquire facts necessary to satisfy the various requirements of Rule 34. In these circumstances, the court is not convinced that, as defendant asserts, plaintiff is presenting an unfounded motion, not made in good faith.

■ Furthermore, plaintiff has sufficiently described by category and subject-matter the documents sought. Ordinarily, where a party does not have sufficient information to designate the documents that he desires to inspect, he may acquire the information by use of interrogatories and depositions. 4

Moore's Federal Practice, section 34.10, at page 2437. Plaintiff has followed this very route, but in part has been frustrated in his attempts to secure the information required by defendant's less than adequate answers to his interrogatories. In the case at bar, no useful purpose will be served by having plaintiff retrace his steps.

The trend of the law has been to construe liberally Rule 34's designation requirement. Some courts, including early cases in this district, had required specification to the extent that the possessor could "go to his files and, without difficulty, to pick the document or other item requested out and turn to the plaintiff saying 'Here it is.'" United States v. American Optical Co., D.C.S.D.N.Y. 1942, 2 F.R.D. 534, 536, opinion by Woolsey, D. J.

■ Recent opinions tend to reject this view and instead order discovery of documents relating to a specific subject-matter, if the subject or category has been designated with some "reasonable degree of particularity."

This court views the latter trend as more consistent with the wide latitude that courts should give to discovery proceedings under the Federal rules. United States v. United States Alkali Export Ass'n, D.C.S.D.N.Y.1946, 7 F.R.D. 256, 258, 259; G. & P. Amusement Co. v. Regent Theater Co, supra, 9 F.R.D. at page 724; United States v. United Shoe Machinery Corp., D.C.D.Mass.1948, 76 F.Supp. 315, 316; Connecticut Mutual Life Insurance Co. v. Shields, supra, 17 F.R.D. at page 276.

"Designation by category is sufficient, and the categories themselves need be defined only with reasonable particularity. The question is whether a reasonable man would know that documents or things are called for." 4 Moore's Fed. Practice, section 34.07, at page 2448.

Plaintiff has met this test; the three subjects of plaintiff's inquiry are clearly indicated. It desires documents relat-ing to the basic license agreements, any changes thereto, and the agreement to pay royalties under the basic license agreement, and any changes thereto. Defendant knows what plaintiff wants. Indeed, nowhere in defendant's papers is there a suggestion otherwise.

■ However, the period of discovery and the authors of the correspondence, memoranda and other documents should be further delimited. For example, plaintiff seeks documents "written on or before June 15, 1958." This is objectionably indefinite for, by its terms, it may require defendant to search its files for years prior to the date of execution of the basic license agreements (March 10, 1954), since documents are called for that relate, directly or indirectly, to the negotiation of the basic license. Defendant's intra-corporate discussion and determination to install in its plant a cracking process such as the one licensed by plaintiff, may have taken place a substantial time before plaintiff was called into the picture. On the papers before the court, plaintiff has not shown good cause for discovery for an unlimited period antedating March 10, 1954.

Furthermore, the motion as presented would presumably apply to negotiations between defendant and other companies licensing a cracking process. The court does not think that plaintiff should be called on to decide whether exploratory talks with third parties relate "directly or indirectly" to the negotiations of the basic license agreements, since the relevancy of such material has not been established.

However, these problems of indefiniteness can be solved by appropriately restricting the scope of discovery in the order to be settled herein.

■ Other deficiencies in the moving papers will not bar discovery here. Official Form 24, appended to the Federal Rules of Civil Procedure, sets out the requirements for affidavits in support of Rule 34 motions. One of the averments required is that movant "set forth all

that (he) knows which shows that (his adversary) has the papers * * * in his possession or control." In fact, plaintiff has not satisfied this requirement; and the court agrees with defendant that the unsupported statement in the moving papers that "all (of the documents requested) are in the possession, custody and control of the defendant" ordinarily would be insufficient. But here, a bona fide attempt to secure information that would reveal whether the documents now called for are in existence and in defendant's possession, custody or control, has been frustrated in part by defendant's equivocal answers to interrogatories. Under these conditions, formalistic requirements should not defeat the salutary ends of unfettered discovery proceedings.

In fact, the failure to satisfy the requirements of Form 24 is but another facet of the difficulties raised when documents are designated by category. Professor Moore suggests why the facts now before the court warrant the taking of a liberal course.

"The motion must show that the documents or other things are in the possession, custody or control of the party called upon to produce them. How far the moving party must go in this respect depends upon the degree of specificity required in description of the documents. If a particular document or thing is designated a *prima facie* case must be made out that it is in the possession or control of the party, but if documents are designated by categories it will not be feasible to make as definite a showing. If the opposing party has the documents he should produce them and if he does not have them he should say so under oath. The court is entitled to candor from counsel." 4 Moore's Fed. Practice, section 34.07, at page 2449.

■ Finally, defendant contends that the motion should be denied since plaintiff has failed to show that the documents sought are not privileged. Rule 34 provides that only documents "not privileged" are to be produced and copied. However, as a practical matter, plaintiff cannot show that the documents it seeks are not privileged when it is unable to designate them with particularity. On their face, the requests do not call for documents that are, for example, privileged communications between a client and his lawyer; and, in any event, defendant's rights are amply protected. Documents that are "privileged" within the meaning of Rule 34, need not be produced.

■ In topics "1" through "3," plaintiff seeks discovery and inspection of all documents (including letters, telegrams, memoranda, reports, records, transcriptions and internal communications) relating directly or indirectly to stated subjects. Topic "1" calls for the documents relating to the negotiation and/or execution of the basic licensing agreements. Ordinarily, the relevance of materiality of these documents might be questioned, since an integrated agreement, complete and regular on its face, may not be impeached by prior oral or written communications between the parties. Here, the court need not consider whether inadmissibility of those documents on the trial would have any effect on discovery of the documents, 4 Moore's Fed.Practice, section 34.10, since the defendant has raised a question as to the completeness of the basic license agreements. In the amended answer, paragraph 8, defendant alleges that the commencement of the term of the basic license agreements was not specified in the contracts. This allegation raises an issue on which the dealings between the parties prior to the execution of the basic agreements will be relevant. Therefore, this item is granted, subject to two restrictions. On the papers before the court, plaintiff has not shown good cause for discovery and inspection of any documents written by, or to, third par-

ties. Therefore, the order will be limited to documents written by the corporate plaintiff and the corporate defendant, and by their officers and their agents. In addition, the period is to begin March 10, 1953, one year prior to the date of execution of the basic license agreements.

These limitations are subject to modification. If plaintiff can designate with greater particularity documents not within the ambit of discovery as presently ordered (not by merely referring to general subject matter, but by dates, signatories, or suspected contents) it should do so in the order to be settled. Defendant may offer specific objections to these particular requests for discovery. The court will then be in a position to decide whether discovery and inspection of these specific documents should be ordered.

Topics "2" and "3" relate to the negotiation and/or execution of all amendments to, waivers of, changes in the basic licensing agreements, or any other agreements relating to or affecting the basic license agreements. Since defendant has pleaded affirmatively that an agreement was made deferring the commencement and the payment of royalties under the agreement, these topics are relevant and will be granted. Discovery will be limited to the documents requested that were written from March 10, 1954 to June 15, 1958.

Topic "4," in part requesting documents relating to the payment or nonpayment of royalties under the basic license agreement, and any modifications thereof, may overlap and be repetitious of Topics "1" through "3." However, defendant will not be prejudiced or be saddled with additional effort thereby; hence, this part of Topic "4" is granted. Discovery will be limited to the period from March 10, 1953 through June 15, 1958. The same procedure for obtaining documents written prior to this period as outlined in the discussion as to Topic "1," applies to this Topic "4."

For the reasons stated above, plaintiff's request for the "demands for payment and/or bills rendered by plaintiff to defendant" is denied.

Settle order in accordance with the views expressed in this opinion.