### SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

### AMERICAN BERYLLIUM & OIL CORPORATION et al., Defendants.

### No. 68 Civ. 1939.

United States District Court
S. D. New York.

Dec. 2, 1968.

Mahlon M. Franhause, Regional Administrator, Securities and Exchange Commission, New York City, for plaintiff; David B. Bliss, Asst. Regional Administrator, Donald N. Malawsky and Marvin G. Pickholz, New York City, of counsel.

Louis Vernell, Miami Beach, Fla., for defendants Louis Vernell, Vito Davanzo, Stephen Burnett, Imperial Sulphur & Minerals Corp. and Western Minerals, Inc.

Archibald Palmer, New York City, for defendant Leonard Williams.

Jerry Zohn, New York City, for defendants Frederick Von Hesse and Lawrence Gottlieb.

Saul Horing, New York City, for defendants American Beryllium & Oil Corp. and Elmer K. Aagaard.

Frank Cally, New York City, for defendant Amos Persoff.

## MEMORANDUM

MacMAHON, District Judge.

Plaintiff, the Securities and Exchange Commission, moves pursuant to Rule 34, Fed.R.Civ.P., for an order directing defendants to produce certain designated papers, letters, books, accounts, memoranda and other documents in their possession, custody or control which constitute evidence relevant and material to the subject matter of this action.

This suit is brought against the American Beryllium & Oil Corporation (ABO), Western Minerals, Inc., Imperial Sulphur and Minerals Corp. and a number of individuals to enjoin alleged violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. The complaint is in four counts. Plaintiff alleges defendants have: (1) sold unregistered stock of ABO in violation of Sections 5(a) and 5(c) of the 1933 Act (15 U.S.C. §§ 77e (a) and 77e (c)); (2)–(3) sold and offered for sale ABO stock by means of untrue statements and failure to state material facts, particularly in relation to a discovery of sulphur and the participation of the United States government and the government of Ecuador in this project, in violation of Section 17(a) of the 1933 Act (15 U.S.C. § 77q (a)) and Section 10(b) of the 1934 Act (15 U.S.C. § 78j (b) and Rule 10b–5); and (4) purchased ABO stock for accounts in which defendants had a direct or beneficial interest while engaged in the foregoing conduct, in violation of Section 10(b) of the 1934 Act (15 U.S.C. § 78j (b) and Rule 10b–6).

Essentially, plaintiff seeks production of (1) communications pertaining to: the relationship of ABO to Western Minerals, Inc. and Imperial Sulphur and Minerals Corp.; any authority on behalf of any of the defendants to purchase or sell stock in ABO; any sulphur deposits on Isla Isabela, Ecuador; any financial arrangements relating to these deposits; any communications with two specified departments of the federal government;

and any participation by the government of Ecuador; (2) all writings evidencing or indicating in any way a purchase or sale of securities issued by ABO, Western Minerals or Imperial Sulphur; (3) all statements sent to public relations and brokerage firms; and (4) all telephone bills for the period under investigation. Defendants argue that the documents requested are not properly designated, irrelevant and sought without good cause.

Rule 34, Fed.R.Civ.P., contains three limitations on the grant of an order to produce: (1) the items must be specifically designated; (2) they must be relevant within the meaning of Rule 26 (b), that is, contain evidence or be reasonably likely to lead to the discovery of evidence; and (3) the party seeking production must establish good cause.

Some courts require that the designation be such that the opposing party will have no trouble identifying the items to be produced. United States v. American Optical Co., 2 F.R.D. 534 (S.D. N.Y.1942). The more recent viewpoint is that designation by categories is sufficient. Houdry Process Corp. v. Commonwealth Oil Refining Co., 24 F.R.D. 58, 62–63 (S.D.N.Y.1959). Plaintiff has designated the documents sought either by categories of the subject matter they contain, by particular classification and/or definite time periods. Surely defendants will have no trouble either in understanding or identifying what is to be produced. Such designation satisfies Rule 34. Houdry Process Corp. v. Commonwealth Oil Refining Co., *supra;* 4 Moore, Federal Practice ¶34.07, p. 2465 (2d ed. 1968).

As for relevancy, our summary of the complaint and description of the documents to be produced show that the documents sought may lead to relevant and admissible evidence. We, therefore, find that the items sought are relevant. Rules 26(b) and 34, Fed.R.Civ.P.; James, Civil Procedure § 34.07 (1965). We turn to the requirement of good cause.

There is some dispute as to what is necessary, in addition to relevancy, to establish good cause within the meaning of Rule 34. James, Civil Procedure § 6.10 (1965); 4 Moore, Federal Practice ¶34.08 (2d ed. 1968). One authority argues that in the case of business records relevancy is enough. 4 Moore, *supra,* at pp. 2479–2482. Plaintiff alleges, and it seems demonstrably clear from the nature of the items sought, that production is essential for ascertaining the truth, adequate preparation of the case, and proof one way or another upon the trial. Moreover, many of the documents are either within the exclusive or duplicative control of the defendants. We, therefore, conclude that plaintiff has established good cause for their production. Connecticut Mut. Life Ins. Co. v. Shields, 17 F.R.D. 273, 277 (S.D. N.Y.1955).

Accordingly, we grant plaintiff's motion for the production of the designated documents. Settle an order in conformity with the above within five (5) days stating the time and place for production and inspection.

So ordered.